# PIGFORD LITIGATION CO-COUNSELING AGREEMENT
# BETWEEN HARRIS L. POGUST LLC and
# MCEACHIN & GEE ATTORNEYS AT LAW LLP

This AGREEMENT ("AGREEMENT") is entered into October 16, 2007 by and between The Pogust Law Firm, LLC ("POGUST" or "LEAD COUNSEL") and McEachin and Gee Attorneys at Law LLP ("CO-COUNSEL") (hereinafter collectively referred to as "PARTIES,") for the purpose of agreeing to and establishing a co-counseling arrangement for the purpose of investigating, filing and prosecuting civil actions brought under Section 11312 of H.R. 2419 the Farm, Nutrition and Energy Act of 2007 ("ACT") or similar legislation against the United States Agriculture Department relating to wrongful denial of farm loans to identifiable *Pigford* claimants (hereinafter referred to as the "ACTIONS").

*Whereas,* the ACT is currently before Congress to allow any Pigford Claimant who has not previously obtained a determination on the merits of a Pigford claim to obtain that determination in a civil action, and;

*Whereas,* in anticipation of the passage of ACT, it is desirable for the PARTIES to enter into an AGREEMENT for the prosecution of ACTIONS, and;

*Whereas,* the PARTIES wish to associate themselves as co-counsel for the purpose of prosecuting ACTIONS.

*Now therefore,* in consideration of the mutual covenants as stated herein the PARTIES do herby covenant and agree to the following terms and conditions.

1  **Objective.** The Parties hereby agree to associate as co-counsel for the purpose of prosecuting ACTIONS, subject to the terms of this AGREEMENT.

2  **Conditions Precedent.** The Parties understand and agree that the provisions of this AGREEMENT are not binding upon either Party unless and until the following conditions have been met:

   a  Section 11312 of H.R. 2419 the Farm, Nutrition and Energy Act of 2007 or substantially similar legislation has been enacted into law.

   b  POGUST has signed binding agreements with Sidebar NC LLC under which it has obtained financing (FINANCING) to be used in the prosecution of ACTIONS.

   c  Sidebar NC LLC has disbursed at least $2,500,000.00 to POGUST under the FINANCING.

   d  Co-Counsel has obtained all necessary approvals, permissions, waivers or abeyances to enter into this AGREEMENT from any entity such approvals, permissions, waivers or abeyances may be required under its by-laws, contracts or agreements.

3  **Objective.** The objective of this co-counsel AGREEMENT is to identify and file claims and/or causes of action allowed by the ACT on behalf of claimants defined by the ACT. The "CLIENTS" shall be those Pigford Claimants as defined by the ACT. CO-COUNSEL may not proceed on behalf of a CLIENT on an individual basis, and separate and apart from POGUST. Further, if CO-COUNSEL believes it has any other case substantially related to the matters involved in this AGREEMENT, it must bring the matter to POGUST for a



1

decision as to whether POGUST will undertake that matter as well, before CO-COUNSEL may proceed on an individual basis.

4. **Lead Counsel.** The PARTIES agree that they shall act jointly as co-counsel in the action, and all communications between them and any other co-counsel shall be privileged and confidential. However, the PARTIES also agree that POGUST shall act as lead counsel having primary responsibility for prosecution of the Actions. POGUST'S name will appear on all court filings, statements, invoices and press releases. All client documents must have POGUST'S name on the letterhead or signature in a font at least equal to that of CO-COUNSEL and in any event no less than 10 point font.

5. **POGUST Duties.**

   a. POGUST shall have primary responsibility for all client communication including coordinating meetings between CLIENTS and PARTIES.

   b. POGUST shall keep the clients reasonably informed of the status of the Actions and respond to the CLIENTS' reasonable requests for information.

   c. POGUST shall, make required appearances at Case Management Conferences, and file required papers with the Court.

   d. POGUST shall be responsible for financing the case costs associated with prosecuting the ACTIONS. All costs and expenses will be reimbursed by POGUST to the entity that paid them. Direct litigation costs and expenses, including CO-COUNSEL's out-of-pocket expenses, shall be advanced or reimbursed by POGUST.

   e. POGUST shall maintain a database with all relevant client and case management records and information. The database shall be remotely accessible by CO-COUNSEL to the extent necessary for CO-COUNSEL to perform his duties.

   f. POGUST shall be solely responsible for negotiating any bulk settlement. ensuring that all filings and other actions occur in a timely fashion;

   g. POGUST shall coordinate responsibility for court appearances, including responsibility for preparation for the appearances;

6. **CO-COUNSEL Duties.** CO-COUNSEL shall have primary responsibility for client acquisition and, if an Action is filed in Virginia or the District of Columbia, filing required papers with the Court.

7. **Additional Counsel.** CO-COUNSEL understands and agrees that in the performance of his responsibilities he may not hire additional counsel without the express written permission of POGUST and that any expenses associated with such additional counsel, including any attorney fee payable to such additional counsel shall be CO-COUNSEL's sole responsibility.

8  **Access to Case Files.** CO-COUNSEL agrees to permit POGUST to inspect the CO-COUNSEL's Case files regarding the ACTIONS at any time and without prior notice. CO-COUNSEL shall ensure that POGUST is granted access to any office of CO-COUNSEL at which such information is located.

9  **Duties and Responsibilities.** Subject to any limitation in Sections 3 and 4 above, the PARTIES shall share in all duties and responsibilities relevant to the prosecution of the ACTIONS as is reasonably practicable and necessary, including the formulation of strategy, preparation of pleadings and other documents, attendance at courtroom proceedings, as necessary, and all other aspects of the ACTIONS. The PARTIES understand that while POGUST shall share in such duties and responsibilities, its primary role in those duties and responsibilities (other than as described above) shall be as a client contact and as set forth above.

10  **Contingency Fee.** The PARTIES agree to pursue the Actions on a contingency fee basis. Each CLIENT shall sign a Contingent Fee AGREEMENT stipulating a 33% contingency fee.

11  **Other Fees.** The PARTIES, if appropriate, shall request attorney's fees and expenses pursuant to the Equal Credit Opportunity Act, 15 U.S.C. Sec 1691 e (d) as amended; the Equal Access to Justice Act, as amended; APA 28 USC 2412 (d), as appropriate; the Civil Rights Act 42 U.S.C Sec. 1988, as amended for any cost of the ACTIONS and any applicable interests that are generated with the filing of the ACTIONS and the implementation of a Consent Decree, if any.

12  **Expense records.** The PARTIES each shall be responsible for maintaining their own appropriately-detailed contemporaneous time and expense records in anticipation of a subsequent motion for recovery of attorneys' fees, costs and expenses. If the ACTIONS are successful, the PARTIES shall file joint motions for recovery of attorneys' fees, costs and expenses incurred in pursuing the ACTIONS.

   a  The PARTIES agree to disclose their time and expense records to each other at any time upon request.

   b  The PARTIES shall bill their time at the following rates, at least through [date]: [list rates].

13  **Expenses.** Travel and entertainment expenses shall be limited to commercial coach fares, and meals and hotels limited to the Federal per diem rates or entertainment rates.

14  **Advance to Co-Counsel.** Upon execution of this Agreement and the meeting of all conditions precedent set forth in Section 2 above, POGUST shall pay the sum of TWO MILLION FIVE HUNDRED THOUSAND and NO/100 DOLLARS ($2,500,000.00) to CO-COUNSEL (the "ADVANCE") as an advance against any amounts that become due and owing to CO-COUNSEL under Section 15 hereof.

15  **Split of Attorneys Fees and Costs.** Any and all attorneys' fees, costs and expenses recovered with respect to the ACTIONS, including, without limitation, any class counsel or MDL fees awarded to any PARTY, (Pool Amount) will be divided as follows:

   a  First, to POGUST until all financing liens with respect to principal and base interest (base interest as defined in the financing documents and not to include any bonus interest) for financing of the ACTIONS have been paid in full, and;

3

   b   Next, to any unpaid expenses of any of the PARTIES, and;

   c   Next to McEachin in an amount equal to:

       i   The product of:

          (1)  20% and

          (2)  An amount equal to

              (a) the NET POOL AMOUNT which for the purposes of this Section 15 is defined as the Pool Amount minus a and b above

              minus

              (b) Seven Million Five Hundred Thousand Dollars ($7,500,000).

   d   The remainder to POGUST.

16 **Lien**. The PARTIES understand and agree that in order to obtain financing POGUST will have granted a first priority perfected lien on all attorney's fee and costs.

17 **Amendment**. This AGREEMENT may be amended only with the express written consent of both PARTIES.

18 **Partial Invalidity**. The unenforceability or invalidity of any provision of this AGREEMENT shall not affect the enforceability or validity of any other provision herein or therein.

19 **Assignment**. Co-COUNSEL shall not assign its rights under this AGREEMENT to any third party without the prior written permission of POGUST. POGUST may freely assign its rights and/or obligations hereunder, in part or in full.

20 **Waiver**. No term, condition or requirement of this AGREEMENT may be waived or modified except in writing by both parties hereto.

21 **Counterparts**. This AGREEMENT may be executed in multiple counterparts. Each of the counterparts will be considered an original, and all counterparts constitute one and the same AGREEMENT.

22 **Notices**. Notices to be given hereunder shall be in writing addressed to the appropriate party at the address set forth below, and may be delivered or sent via reputable courier, facsimile transmission, email or U.S. Mail.

    To Co-COUNSEL:
    Donald McEachin
    McEachin & Gee Attorneys at Law
    5905 West Broad Street
    Richmond, VA 23230
    Tel: 804.288.3381
    Facsimile: 804.285.2042
    Email: dmceachin@mceachingee.com

    To POGUST:
    The Pogust Law Firm, LLC
    161 Washington Street
    Suite 1520
    Conshohocken, PA 19428
    Tel: 610-941-4204
    Facsimile: 610-941-4245
    Email: HPogust@pogustbraslow.com

23. **ARBITRATION.** ANY CONTROVERSY OR CLAIM BY OR AGAINST ANYONE CONNECTED TO HARRIS L. POGUST, LLC OR CO-COUNSEL, INCLUDING AN AGENT OR REPRESENTATIVE, ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY OF THE DOCUMENTS PROVIDED FOR HEREIN (INCLUDING ANY MODIFICATIONS HEREOF OR THEREOF) SHALL BE SETTLED BY ARBITRATION IN PHILADELPHIA, PENNSYLVANIA, ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION IN ACCORDANCE WITH ITS COMMERCIAL ARBITRATION RULES, AND JUDGMENT UPON ANY AWARD MAY BE ENTERED IN ANY COURT OF COMPETENT JURISDICTION. THE ARBITRATOR(S) IN ANY SUCH CONTROVERSY SHALL HAVE NO POWER TO ALTER OR MODIFY ANY EXPRESS PROVISION OF THIS AGREEMENT OR ANY OF THE DOCUMENTS PROVIDED FOR HEREIN OR TO RENDER ANY AWARD THAT DIRECTLY OR INDIRECTLY EFFECTS ANY SUCH ALTERATION OR MODIFICATION. THE PARTIES CONSENT TO THE APPLICATION OF PENNSYLVANIA OR FEDERAL ARBITRATION STATUTES AND TO THE JURISDICTION OF THE SUPREME COURT OF PENNSYLVANIA OR THE FEDERAL DISTRICT COURT IN PENNSYLVANIA, AS THE CASE MAY BE, FOR ALL PURPOSES IN CONNECTION WITH THIS AGREEMENT TO ARBITRATE. EACH PARTY TO ANY SUCH ARBITRATION OR COURT PROCEEDING SHALL BEAR ITS OWN ATTORNEYS' FEES AND OTHER COSTS. EACH PARTY HERETO SHALL ALSO HAVE ALL RIGHTS TO PROVISIONAL REMEDIES THAT HE OR IT WOULD HAVE AT LAW OR EQUITY, NOTWITHSTANDING THE EXISTENCE OF THIS AGREEMENT TO ARBITRATE.

24. **Liability for Professional Negligence.** The PARTIES assume no liability for each other's professional negligence.

25. **Descriptive Headings.** The Descriptive headings of this AGREEMENT are inserted for convenience only and do not constitute a substantive part of this AGREEMENT. The use of the word "including" in this AGREEMENT shall be by way of example rather than by limitation.

26. **Entire AGREEMENT.** This AGREEMENT constitutes the entire AGREEMENT between the parties and there are no representations, warranties, covenants, or obligations except as set forth herein. This AGREEMENT supersedes all prior and contemporaneous AGREEMENTS, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated by this AGREEMENT. This AGREEMENT shall be binding on, and inure to the benefit of the parties hereto and their heirs, successors and assigns.

27. **Choice of Law.** The PARTIES acknowledge and agree that because POGUST's principal place of business is in Pennsylvania, this AGREEMENT and the rights and obligations of the parties hereunder shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania. Both PARTIES agree that this AGREEMENT shall be constructed and interpreted in accordance with the laws of Pennsylvania and venue for any action shall lie in Pennsylvania. The PARTIES understand that this "choice of Law," clause is critical in nature, and essential to this Contract, and has not been placed in this Contract as a mere "form" insertion or recital.

THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY. SIGNATURE PAGE FOLLOWS.

IN WITNESS WHEREOF, the parties hereto affix their signatures.

Dated: _____, 2007           Dated: _____, 2007

The Pogust Law Firm, LLC               McEachin & Gee Attorneys at Law, LLP

_____                _____

By: _____                By: _____

Its: _____                Its: _____

6

Case 1:09-cv-00479-JAB -WWD   Document 1-3   Filed 07/02/09   Page 6 of 6