## Pigford Litigation Co-Counseling Agreement
## Between James S. Farrin, PC and
## McEachin & Gee Attorneys at Law LLP

This AGREEMENT ("AGREEMENT") is entered into December 14, 2007 by and between James S. Farrin, PC (a/k/a THE LAW OFFICES JAMES SCOTT FARRIN) ("FARRIN") and McEachin & Gee Attorneys at Law LLP ("CO-COUNSEL") (hereinafter collectively referred to as "PARTIES,") for the purpose of agreeing to and establishing a co-counseling arrangement for the purpose of investigating, filing and prosecuting civil actions brought under Section 11312 of H.R. 2419 the Farm, Nutrition and Energy Act of 2007 or similar legislation (ACT") against the United States Agriculture Department relating to wrongful denial of farm loans to identifiable Pigford Claimants, as that term is defined by the act (hereinafter referred to as the "ACTIONS").

*Whereas*, in anticipation of the passage of ACT, it is desirable for the PARTIES to enter into an AGREEMENT for the prosecution of ACTIONS and;

*Whereas*, the PARTIES wish to associate themselves as co-counsel for the purpose of prosecuting ACTIONS.

*Now therefore*, in consideration of the mutual covenants as stated herein the PARTIES do herby covenant and agree to the following terms and conditions:

1. **Objective.** The Parties hereby agree to associate as co-counsel for the purpose of prosecuting ACTIONS, subject to the terms of this AGREEMENT. The objective of this co-counsel AGREEMENT is to identify and file claims and/or causes of action allowed by the ACT on behalf of claimants defined by the ACT. The "CLIENTS" shall be those Pigford Claimants as defined by the ACT. Neither party may proceed on behalf of a CLIENT on an individual basis, and separate and apart from the other party. Further, if CO-COUNSEL believes it has any other case substantially related to the matters involved in this AGREEMENT, it must bring the matter to FARRIN for a decision as to whether FARRIN will undertake that matter as well, before CO-COUNSEL may proceed on an individual basis.

2. **FARRIN.** The PARTIES agree that they shall act jointly as Co-Counsel in the action, and all communications between them and any other co-counsel shall be privileged and confidential. However, the PARTIES also agree that FARRIN'S name will appear on all court filings, statement, invoices and press releases. All client documents must have FARRIN'S name on the letterhead or signature in a font at least equal to that of CO-COUNSEL and in any event no less than 10 point font.

3. **FARRIN'S DUTIES.**

   a. FARRIN shall have primary responsibility for all client communication including coordinating meetings between CLIENTS and PARTIES;

   b. FARRIN shall keep the clients reasonably informed of the status of the Actions and respond to the CLIENTS' reasonable requests for information;



c. FARRIN shall, make required appearances at Case Management Conferences, and file required papers with the Court;

d. FARRIN shall be responsible for financing the costs with obtaining clients and associated with prosecuting the ACTIONS. All costs and expenses will be reimbursed by FARRIN to the entity that paid them. Direct litigation costs and expenses, including CO-COUNSEL'S out-of-pocket expenses, shall be advanced or reimbursed by FARRIN;

e. FARRIN shall maintain a database with all relevant client and case management records and information. The database shall be remotely accessible by CO-COUNSEL to the extent necessary for CO-COUNSEL to perform its duties and to verify amounts due under this Agreement;

f. FARRIN shall be solely responsible for negotiating any bulk settlement ensuring that all filings and other actions occur in a timely fashion;

g. FARRIN shall coordinate responsibility for court appearances, including responsibility for preparation for the appearances; and

h. FARRIN has the right to associate additional counsel to fulfill the duties set forth above; however, absent prior written consent from CO-COUNSEL, any expenses associated with such additional counsel, including any attorney fee payable to such additional counsel shall be FARRIN's sole responsibility.

4. **CO-COUNSEL Duties.** CO-COUNSEL shall have primary responsibility for CLIENT education and acquisition.

5. **Access to Case Files**. FARRIN agrees to permit the principals and office manager of CO-COUNSEL access to the computer database maintained by FARRIN regarding the ACTIONS. This right to computer access is not assignable or delegable to any third party. In addition, FARRIN will prepare and provide to CO-COUNSEL monthly reports in a format substantially similar to Exhibits A, B, C and D, which are attached hereto and incorporated herein.

6. **Duties and Responsibilities.** Subject to any limitation in Sections 3 and 4 above, the PARTIES shall share in all duties and responsibilities relevant to the prosecution of the ACTIONS as is reasonably practicable and necessary, including the formulation of strategy, preparation of pleadings and other documents, attendance at courtroom proceedings, as necessary, and all other aspects of the ACTIONS. The PARTIES understand that while CO-COUNSEL shall share in such duties and responsibilities, its primary role in those duties and responsibilities (other than as described above) shall be as a client contact and as set forth above.

7. **Contingency Fee.** The PARTIES agree to pursue the ACTIONS on a contingency fee basis. Each CLIENT has signed or shall sign a Contingent Fee AGREEMENT stipulating a contingency fee up to one-third (1/3) of the recovery for each CLIENT and allowing for fee splitting among counsel as appropriate.

8. **Other Fees.** The PARTIES, if appropriate, shall request attorney's fees and expenses pursuant to the Equal Credit Opportunity Act, 15 U.S.C. Sec 1691 e (d) as amended; the Equal Access to Justice Act, as amended; APA 28 USC 2412 (d), as appropriate; the Civil Rights Act 42 U.S. C Sec. 1988, as amended for any cost of the ACTIONS and any applicable interests that are generated with the filing of the ACTIONS and the implementation of a Consent Decree, if any.

9. **Expenses.** Travel and entertainment expenses for FARRIN and CO-COUNSEL shall be limited to commercial coach fares, and meals and hotels limited to the Federal per diem rates or entertainment rates.

10. **Expense records**. The PARTIES each shall be responsible for maintaining their own appropriately-detailed contemporaneous time and expense records in anticipation of a subsequent motion for recovery of attorneys' fees, costs and expenses. If the ACTIONS are successful, the PARTIES shall file joint motions for recovery of attorneys' fees, costs and expenses incurred in pursuing the ACTIONS.
    a. The PARTIES agree to disclose their time and expense records to each other at any time upon request.
    b. The PARTIES shall bill their time at the normal hourly rates.

11. **Advances to Co-Counsel.** FARRIN will advance to CO-COUNSEL the following sums on the terms and conditions set out below:
    a. Upon execution of this Agreement FARRIN shall advance the sum of ONE MILLION ONE HUNDRED THOUSAND and NO/100 DOLLARS ($1,100,000) on behalf of CO-COUNSEL (the "ADVANCE") as an advance to CO-COUNSEL against any costs or expenses that may become due and owing to CO-COUNSEL pursuant to this AGREEMENT.
    b. Within sixty (60) days after passage of the ACT, FARRIN shall advance to CO-COUNSEL an additional NINE HUNDRED THOUSAND DOLLARS ($900,000) as an advance against any costs or expenses that may become due and owing to CO-COUNSEL pursuant to this AGREEMENT.
    c. If the ACT does not become law within one hundred and eighty (180) days of the signing of this AGREEMENT, then FARRIN's obligations under this AGREEMENT are voidable upon ten days written notice from FARRIN to CO-COUNSEL, and CO-COUNSEL shall reimburse FARRIN in full amount of the ADVANCE immediately and without delay upon receipt of the ten days written notice. Time is of the essence with regard to this reimbursement obligation. This reimbursement obligation shall be secured by a separate guaranty agreement and security agreement from McEachin & Gee, P.C., which are attached hereto and incorporated herein by this reference, as well as UCC financing statements regarding the same.
    d. In the event that FARRIN chooses to void its obligations under this AGREEMENT pursuant to subpart c, FARRIN agrees to return the CLIENT case files within ten (10) days to CO-COUNSEL and further agrees not to actively solicit any CLIENT

for representation by FARRIN; however, nothing herein shall be construed to limit a CLIENT's right to contact or retain any attorney of his or her choosing.

12. **Calculation of Fee.** Fees, costs and expenses recovered with respect to the ACTIONS, including, without limitation, any class counsel or MDL fees awarded to any PARTY, will be divided as follows:

    a. First, to FARRIN until it has received an aggregate of Two Million Dollars ($2,000,000).

    b. Then, to FARRIN until it has received an amount equal to the amount it has expended on direct costs of the CASES;

    c. Then, to any unpaid expenses of any of the PARTIES;

    d. Then ratably between the parties as follows: to CO-COUNSEL in an amount equal to nineteen and one-half percent (19.5%) and to FARRIN in an amount equal to eighty and one-half percent (80.5%).

13. **Liability for Professional Negligence.** The PARTIES assume no liability for each other's professional negligence

14. **Indemnification for SERVICE AGREEMENT fee.** CO-COUNSEL is aware of a service agreement dated June 8, 2007 by and between FARRIN and CapTran DE LLC ("CAPTRAN") (the "SERVICE AGREEMENT"), which may require a fee payable to CAPTRAN in the amount of $300,000. CO-COUNSEL hereby agrees to indemnify FARRIN with respect to this aforementioned service agreement and FARRIN hereby grants CO-COUNSEL the authority to negotiate and settle all matters on FARRIN's behalf with respect to the SERVICE AGREEMENT and such indemnification. It is expressly understood and agreed that FARRIN has not and will not assume the cost of defending any claim by CAPTRAN for such fees.

15. **Amendment.** This AGREEMENT may be amended only with the express written in consent of both PARTIES.

16. **Partial Invalidity.** The unenforceability or invalidity of any provision of this AGREEMENT shall not affect the enforceability or validity of any other provision herein or therein.

17. **Waiver.** No term, condition or requirement of this AGREEMENT may be waived or modified except in writing by both parties hereto.

18. **Counterparts.** This AGREEMENT may be executed in multiple counterparts. Each of the counterparts will be considered an original and all counterparts constitute one and the same AGREEMENT.

19. **Notices.** Notices to be given hereunder shall be in writing addressed to the appropriate party at the address set forth below, and may be delivered or sent via reputable courier, facsimile transmission, email or U.S. Mail.

    To CO-COUNSEL

Donald McEachin
McEachin & Gee Attorneys at Law LLP
5905 West Broad Street
Richmond, VA 23230
Tel: 804-288-3381
Facsimile: 804-285-2042
Email: dmceachin@mceachingee.com

To FARRIN:

James Scott Farrin
The Law Offices of James Scott Farrin
4819 Emperor Blvd., Suite 200
Durham, North Carolina, 27703
Tel: 919-688-4991
Facsimile: 919-688-4468
Email: jfarrin@farrin.com

20. **ARBITRATION.** ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY OF THE DOCUMENTS PROVIDED FOR HEREIN (INCLUDING ANY MODIFICATIONS HEREOF OR THEREOF) SHALL BE SETTLED BY ARBITRATION IN DURHAM, NORTH CAROLINA, ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION IN ACCORDANCE WITH ITS COMMERCIAL ARBITRATION RULES, AND JUDGMENT UPON ANY AWARD MAY BE ENTERED IN ANY COURT OF COMPETENT JURISDICTION. THE ARBITRATOR(S) IN ANY SUCH CONTROVERSY SHALL HAVE NO POWER TO ALTER OR MODIFY ANY EXPRESS PROVISION OF THIS AGREEMENT OR ANY OF THE DOCUMENTS PROVIDED FOR HEREIN OR TO RENDER ANY AWARD THAT DIRECTLY OR INDIRECTLY EFFECTS ANY SUCH ALTERATION OR MODIFICATION. THE PARTIES CONSENT TO THE APPLICATION OF NORTH CAROLINA OR FEDERAL ARBITRATION STATUTES AND TO THE JURISDICTION OF THE SUPREME COURT OF NORTH CAROLINA OR THE FEDERAL DISTRICT COURT IN NORTH CAROLINA, AS THE CASE MAY BE, FOR ALL PURPOSES IN CONNECTION WITH THIS AGREEMENT TO ARBITRATE. EACH PARTY TO ANY SUCH ARBITRATION OR COURT PROCEEDING SHALL BEAR ITS OWN ATTORNEYS' FEES AND OTHER COSTS. EACH PARTY HERETO SHALL ALSO HAVE ALL RIGHTS TO PROVISIONAL REMEDIES THAT HE OR IT WOULD HAVE AT LAW OR EQUITY, NOTWITHSTANDING THE EXISTENCE OF THIS AGREEMENT TO ARBITRATE.

21. **Descriptive Headings.** The Descriptive headings of the AGREEMENT are inserted for convenience only and do not constitute a substantive part of this AGREEMENT. The use of the word "including" in this AGREEMENT shall be by way of example rather than by limitation.

22. **Entire AGREEMENT.** This AGREEMENT constitutes the entire AGREEMENT between the parties and there are no representations, warranties, covenants, or obligations except as set forth herein. This AGREEMENT supersedes all prior and contemporaneous AGREEMENTS, understandings, negotiations and discussions, written or oral, of the

parties hereto, relating to any transaction contemplated by this AGREEMENT. This AGREEMENT shall be binding on, and inure to the benefit of the parties hereto and their heirs, successors and assigns.

IN WITNESS WHEREOF, the parties hereto affix their signatures.

Dated: __12/14/07__, 2007          Dated: __12/14/07__, 2007

James S. Farrin, PC                McEachin & Gee Attorneys at Law LLP

By: _James S. F._                  By: _[signature]_

Its: __President__                 Its: __Member__