IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FEN-PHEN SERIES 2005-01, a series of )
CAP TRAN FUNDING, LLC, )
)
        Plaintiff, )
  v. ) 1:09CV479
)
JAMES FARRIN, P.C., )
)
        Defendant. )

ORDER

This matter is before the Court on a Recommendation of the United States Magistrate Judge recommending that Defendant's Motion to Dismiss be granted. The Recommendation was filed on April 28, 2010, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On June 1, 2010, Plaintiff filed Objections to the Recommendation. The Court has now reviewed de novo the Objections and the portions of the Recommendation to which objection was made, and finds that the Objections do not change the substance of the United States Magistrate Judge's ruling.

The Court notes that with respect to Plaintiff's claim for violation of the Unfair and Deceptive Trade Practices Act, there is some question regarding whether the "learned profession" exemption discussed in the Recommendation would apply in this case, since the claims in this case relate to business agreements between counsel. See Reid v. Ayers, 138 N.C. App. 261, 267, 531 S.E.2d 231, 236 (2000) (noting that the "learned profession" exemption applies to conduct by lawyers in the rendering of professional services, but would not apply "when the attorney or law firm is engaged in the entrepreneurial aspects of legal practice that

are geared more towards their own interests" such as attorney advertising or attorney price fixing). However, this Court concludes that even if the "learned profession" exemption does not apply, the facts as alleged by Plaintiff are not sufficient, in any event, to establish a claim by Plaintiff for unfair and deceptive trade practices under North Carolina law. In this regard, the Court notes that Plaintiff has not sufficiently alleged "egregious or aggravating circumstances" or conduct that is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers" to establish a claim for unfair and deceptive trade practices. See Carcano v. JBSS, LLC, 684 S.E.2d 41, 49-50 (N.C. App. 2009). Instead, Plaintiff bases its claim for unfair and deceptive trade practices on the underlying tortious interference with contract claim, which Plaintiff did not sufficiently allege as discussed in the Recommendation, and on the underlying breach of contract claim, which is not an unfair and deceptive trade practice absent substantial aggravating circumstances. Therefore, Plaintiff's claim for unfair and deceptive trade practices is properly dismissed.

In addition, with respect to Plaintiff's breach of contract claims, the Court notes that there may be issues regarding what amounts are owed by Defendant to McEachin and Gee Attorneys at Law, LLP, or its assignee the Farmer's Law Group of Connecticut, LLC, under the terms of the "Mc-Eachin-Farrin Co-Counseling Agreement." However, neither McEachin & Gee nor its assignee The Farmer's Law Group has attempted to assert those claims in the present case. Instead, the claim is being asserted by Plaintiff, who was not a party to the Agreement, was not an assignee, and as set out in the Recommendation, was not an intended third party beneficiary. Therefore, for the reasons set out in the Recommendation, Plaintiff's

claim for breach of contract is properly dismissed. Likewise, Plaintiff's claim for tortious interference with contract is properly dismissed based on Plaintiff's failure to plead a sufficient factual basis for that claim, as set out in the Recommendation. Therefore, the Court affirms and adopts the Recommendation [Doc. #15], subject to the additional discussion herein, and on that basis all of the claims asserted by Plaintiff will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. #8] is GRANTED and this case will be dismissed. A Judgment will be entered contemporaneously herewith.

This, the 19th day of July, 2010.

James A. Beaty
United States District Judge